IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-15599-E

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUL 21 2011
JOHN LEY
CLERK

7.07CR30

FERRELL WALKER,

                                                  Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

ORDER:

      Ferrell Walker, a federal prisoner, moves for a certificate of appealability ("COA") in order to appeal the district court's denial of his counseled 28 U.S.C. § 2255 motion to vacate. Walker is serving a 87-month sentence after pleading guilty to possession of child pornography.

      In order to obtain a COA, a § 2255 movant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The § 2555 movant satisfies this standard if the district court's resolution of his claims was "debatable among jurists of reason," or if the issues presented in his motion "were adequate to deserve encouragement to proceed further." *United States v. Futch*, 518 F.3d 887, 895 (11th Cir. 2008) (quotation omitted); *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1603-04, 146 L.Ed.2d 542 (2000) (quotation omitted).

A TRUE COPY
CLERK U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

BY: Denise E. O'Shea
DEPUTY CLERK
ATLANTA, GEORGIA

In this case, Walker cannot make the requisite COA showing as to his claims[1]. Walker's first claim is without merit, as the record shows that counsel properly advised him regarding the strength of his defense and the evidence supports counsel's belief that Walker would have had difficulty prevailing at trial. Walker's second claim is also without merit, as Walker was apprised prior to sentencing that he faced a term of supervised release of "any term of years" and chose not to move to withdraw his plea. Further, Walker failed to show that the court was required to disclose at the change of plea hearing the likely term of supervised release or any special conditions of release at the change of plea hearing and, thus, counsel was not deficient for failing to object when the court did not. Finally, Walker failed to show that his counsel knew or should have known that the court would require penile plethysmograph testing and, thus, was not deficient for failing to advise him of this possibility before he pled guilty[2].

Accordingly, Walker's motion for a certificate of appealability is DENIED.

/s/ Rosemary Barkett
UNITED STATES CIRCUIT JUDGE

---

[1] Walker's counsel has waived his claims that his appellate counsel was ineffective and that his counsel was ineffective for allowing him to plead guilty while on medication.

[2] In his motion for a COA, Walker argues that his counsel was ineffective for failing to object that the court failed to sufficiently explain at sentencing the 18 U.S.C. § 3553(a) factors for imposing penile plethysmograph testing. Walker did not raise this claim before the district court and, thus, this Court need not consider it. See *Walker v. Jones*, 10 F.3d 1569, 1572 (11th Cir. 1994).