# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| FERRELL WALKER, :  :  Petitioner, :  :  v. :  :  UNITED STATES OF AMERICA, :  :  Respondent. :  : | CASE NO.: 7:07-CR-30 (LAG)  7:24-CV-51 (LAG) |

## ORDER

Before the Court are Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Motion to Vacate) (Doc. 161), Petitioner's Motion to Expand the Record (Doc. 162), and Petitioner's Motion for Certificate of Appealability (Doc. 168). For the reasons below, Petitioner's Motion to Vacate and Motion for Certificate of Appealability are **DENIED.** Petitioner's Motion to Expand the Record is **GRANTED**.

## BACKGROUND

On November 27, 2007, Petitioner was sentenced to 87 months incarceration followed by 25 years of supervised release after pleading guilty to one count of Possession of Child Pornography. (Doc. 15). On August 20, 2008, the Eleventh Circuit upheld Petitioner's conviction on direct appeal. (Doc. 34). Petitioner's initial Motion to Vacate (Doc. 35) was denied, and the denial of a certificate of appealability was upheld by the Eleventh Circuit. (Docs. 57, 71).

Petitioner's period of supervised release began on May 16, 2014. (*See* Doc. 115 at 3). On November 14, 2017, the United States Probation Office filed a Petition for Warrant or Summons for Offender Under Supervision, alleging that Petitioner had violated several conditions of his supervision. (Doc. 102). A bench warrant was issued on the same day. (Doc. 104). On May 9, 2018, the Court held a Revocation of Supervised Release Hearing and found that Petitioner had violated the terms of his supervised release. (Doc. 116). The

Court revoked Petitioner's supervised release and imposed sentence. (*Id.*). Petitioner appealed his revocation sentence, and the Eleventh Circuit vacated the sentence and remanded the case back to the district court for resentencing. (Docs. 119, 132–133). On July 12, 2021, the district court resentenced Petitioner to a term of 24 months. (Docs. 141–142, 153). Judgment was entered on July 13, 2021. (*See* Docket). Petitioner filed a Notice of Appeal on July 19, 2021, his appeal was docketed with the Eleventh Circuit and remained pending until January 6, 2023, when the Eleventh Circuit affirmed the revocation sentence. (Docs. 144, 147, 156–157). On May 16, 2023, U.S. Supreme Court denied the writ of certiorari. (Doc. 158). On May 23, 2024, Petitioner filed the subject Motion to Vacate (Doc. 161), challenging the revocation of his supervised release, and a Motion to Expand the Record, claiming that he did not receive a copy of the July 12, 2021 "Sentence on Remand" transcripts (Doc. 162). The Government timely filed a Response to Petitioner's Motion to Vacate and Petitioner timely filed a Reply. (Docs. 164–167). On August 22, 2024, Petitioner filed a Motion for Certificate of Appealability. (Doc. 168). The Motions are now ripe for review. *See* M.D. Ga. L.R. 7.3.1(A).

## STANDARD OF REVIEW

Section 2255 provides that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). If a prisoner's § 2255 claim is found to be valid, the court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." *Id.* § 2255(b).

## DISCUSSION

### I. Motion to Expand the Record

Petitioner filed a Motion to Expand the Record on May 23, 2024. (Doc. 162). Petitioner seeks to have the record expanded to include his sworn statement that he received the transcript of the July 12, 2021 sentencing after the filing of the Appellee's responsive brief in the direct appeal, which was filed on December 16, 2021. (*Id.*). Petitioner's Motion to Expand the Record is **GRANTED**.

### II. Motion to Vacate

Petitioner asserts one ground of relief, arguing that the sentencing court violated the Fifth Amendment of the United States Constitution by failing to orally include the special conditions of his pretrial release in his July 12, 2021 revocation sentencing. (Doc. 161 at 4). Petitioner argues that "there is a conflict between the '[o]ral pronouncement' and the '[w]ritten [j]udgment.'" (*Id.*). In support of his argument, Petitioner attaches portions of the transcripts from both the May 2018 and the July 2021 revocation sentencing hearings. (Docs. 161-2, 161-4). The Government argues that Petitioner's Motion to Vacate should be denied because (1) the error alleged in Ground 1 is procedurally barred because it was not raised in his direct appeal to the Eleventh Circuit, and (2) Petitioner's "bare allegation" fails to meet his burden for relief. (Doc. 164 at 5–7).

Generally, "an available challenge to a criminal conviction or sentence must be advanced on direct appeal" or it will be considered "procedurally barred in a § 2255 proceeding." *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994) (per curiam) (citation omitted). "[C]laims not raised on direct appeal may not be raised on collateral review" unless the petitioner shows cause for failing to raise the claim and actual prejudice. *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Jones v. United States*, 153 F.3d 1305, 1307 (11th Cir. 1998). A petitioner can establish cause by showing "'some objective factor external to the defense impeded counsel's efforts to comply with the . . . procedural rule,' or that his attorney's performance failed to meet the *Strickland* standard for effective assistance of counsel." *Reece v. United States*, 119 F.3d 1462, 1465 (11th Cir. 1997) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). Additionally, cause can be

3

established by "showing that the factual or legal basis for a claim was not reasonably available". *Murray*, 477 U.S. at 488. Actual prejudice is established by showing that the error "not merely . . . created a *possibility* of prejudice, but that [it] worked to [petitioner's] *actual* and substantial disadvantage." *United States v. Frady*, 456 U.S. 152, 170 (1982). Alternatively, a petitioner can overcome procedural default by showing that the alleged error "has probably resulted in the conviction of one who is actually innocent." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Murray*, 477 U.S. at 496). To establish "actual innocence," a petitioner would have to show that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Id*. (internal quotation marks omitted) (quoting *Schlup v. Delo*, 513 U.S. 298, 327–28 (1995)).

      As Petitioner did not raise this argument in his direct appeal and is procedurally barred from raising this claim, Petitioner attempts to establish cause for his failure and to show actual prejudice. (Doc. 167 at 3–5). First, Petitioner argues that he did not receive the transcript of the July 2021 sentencing hearing until after briefs were filed in his appeal of the revocation to the Eleventh Circuit and that the unavailability of the transcripts constitutes cause for his failure to raise the argument on direct appeal. (*Id.* at 3). Defendant filed his direct appeal on July 19, 2021, and the transcript became available on September 8, 2021. (Docs. 153, 154). Petitioner does not argue that the Court or any other relevant party hindered his ability to obtain the transcript. Moreover, there is no evidence in the record, nor has Petitioner asserted, that he attempted to seek an extension of time to file his appeal until the transcript was available or to amend his appeal once the transcript was issued. Moreover, the transcript was available for over 15 months before the Court of Appeals ruled on Petitioner's appeal. Under these circumstances, "the [alleged] absence of the transcript at the time of [Petitioner's] appeal does not constitute cause to excuse the procedural default." *Jackson v. United States*, No. 1:07-CR-0108-GGB-1, 2010 WL 4942817, at *4 (N.D. Ga. Aug. 26, 2010) (finding lack of evidence that the court did anything to hinder petitioner's ability to obtain transcript, and therefore a lack of cause to overcome procedural default), *report and recommendation adopted*, No. 1:07-CR-108-ODE, 2010 WL 4942812 (N.D. Ga. Nov. 29, 2010); *see also McCoy v. Newsome*, 953 F.2d

4

1252, 1260 (11th Cir. 1992) (per curiam) (finding that petitioner had not established cause to excuse procedural default because he did not show that he was denied access to transcript by a factor beyond his control).

Furthermore, while Petitioner argues that he was "obvious[ly]" prejudiced by the lack of the transcript, Petitioner has not established (1) that the alleged error worked to Petitioner's actual and substantial disadvantage, or (2) that Petitioner is actually innocent. (Doc. 167 at 5); *see Frady*, 456 U.S. at 170; *Bousley*, 523 U.S. at 623. As Petitioner has not shown cause, prejudice, or that he is actually innocent, his ground for relief is procedurally defaulted and cannot form the basis of federal habeas relief. Accordingly, Petitioner's Motion to Vacate is **DENIED**.

The Court is not required to hold an evidentiary hearing where the record makes "manifest the lack of merit of a Section 2255 claim." *United States v. Lagrone*, 727 F.2d 1037, 1038 (11th Cir. 1984) (per curiam). "[If] the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Schirro v. Landrigan*, 550 U.S. 465, 474 (2007). The record herein is sufficient to evidence that Petitioner's claim lacks merit, and therefore no evidentiary hearing is necessary.

## CONCLUSION

Accordingly, Petitioner's Motion to Vacate (Doc. 161) is **DENIED** and Petitioner's Motion to Expand the Record (Doc. 162) is **GRANTED**. Additionally, because Petitioner has failed to make a substantial showing of the denial of a constitutional right, the Court **DENIES** Petitioner's Motion for Certificate of Appealability (Doc. 168).

**SO ORDERED**, this 22nd day of July, 2025.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**